14-2249-pr
Watts v. Griffin

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of October, two thousand fifteen.

PRESENT:  BARRINGTON D. PARKER,
　　　　　　 RAYMOND J. LOHIER, JR.,
　　　　　　 SUSAN L. CARNEY,
　　　　　　　　　　*Circuit Judges.*

----------------------------------------------------------------

KEVIN E. WATTS,

　　　　　　　*Petitioner-Appellant*,

　　　　v.　　　　　　　　　　　　　　　　　14-2249

SUPERINTENDENT P. GRIFFIN,

　　　　　　　*Respondent-Appellee*.

----------------------------------------------------------------

FOR PETITIONER-APPELLANT:　　　　Kevin E. Watts, *pro se*,
　　　　　　　　　　　　　　　　　　　Napanoch, NY

FOR RESPONDENT-APPELLEE:　　　　 Leonard Joblove, Camille O'Hara

Gillespie, Gamaliel Marrero, Assistant District Attorneys, *for* Kenneth P. Thompson, District Attorney, Kings County, Brooklyn, NY

Appeal from a judgment of the United States District Court for the Eastern District of New York (Allyne R. Ross, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED.**

Appellant Kevin Watts, proceeding pro se, appeals from the District Court's judgment dismissing his 28 U.S.C. § 2254 petition.   We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

"A State's procedural rules serve vital purposes at trial, on appeal, and on state collateral attack" and "channel[], to the extent possible, the resolution of various types of questions to the stage of the judicial process at which they can be resolved most fairly and efficiently."   Coleman v. Thompson, 501 U.S. 722, 749 (1991) (quotation marks omitted).   Accordingly, "[f]ederal courts considering habeas corpus petitions are generally barred from reviewing the decisions of state

courts insofar as those decisions are predicated on adequate and independent state procedural grounds." Messiah v. Duncan, 435 F.3d 186, 195 (2d Cir. 2006). Federal habeas review is not available if the State court "clearly and expressly" holds that its judgment rests upon a State procedural bar, even if it "addresses the merits in reaching an alternative holding." Whitley v. Ercole, 642 F.3d 278, 286 & n.8 (2d Cir. 2011) (quotation marks omitted).

Here, the State court reviewing Watts's motion to vacate his conviction under Section 440.10 of New York's Criminal Procedure Law ruled that Watts failed to properly raise his claims on direct appeal and, in the alternative, held that his claims lacked merit. The District Court properly concluded that the State court had ruled on an independent and adequate state ground and that it was barred from reaching the merits of Watts's claims. See Clark v. Perez, 510 F.3d 382, 393 (2d Cir. 2008); Murden v. Artuz, 497 F.3d 178, 191-92 (2d Cir. 2007).

We have considered all of Watts's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3